**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**United States of America,**

    v.                                         Case No. 2:24-mj-137

**Lajuana Ann Kelley,**               Judge Michael H. Watson

       **Defendant.**

## OPINION AND ORDER

Lajuana Ann Kelley ("Defendant") moves for review of the Magistrate Judge's Order of Detention pursuant to 18 U.S.C. § 3145(b). ECF No. 12. For the following reasons, the Court **GRANTS** Defendant's motion.

### I.    BACKGROUND

Defendant is charged with one count of obstructing, influencing, or impeding an official proceeding, in violation of 18 U.S.C. § 1512(c)(S). *See generally*, Complaint, ECF No. 1. Defendant appeared before Magistrate Judge King, who heard arguments from both sides, and determined that no condition or combination of conditions could reasonably assure the safety of any other person and the community. ECF No. 10. The magistrate judge specifically listed these reasons for detention: (1) Defendant's prior criminal history; (2) Defendant's participation in criminal activity while on probation, parole, or supervision; (3) Defendant's history of violence or use of weapons; and (4) Defendant's prior violations of probation, parole, or supervision. *Id*. The pretrial services report was not available at the time of Defendant's detention hearing. *See generally*,

Pretrial Service Report, ECF No. 13. The report recommends that Defendant be released on her own recognizance with certain special conditions to assure her appearance and the safety of the community. *Id.* at 6–7. Defendant now moves for review of the order of detention. ECF No. 12.

## II. STANDARD OF REVIEW

18 U.S.C. § 3145(b) permits defendants to seek review of a detention order issued by a magistrate judge. Upon a proper motion, the district judge reviews the matter de novo. *United States v. Gunter*, No. 2:09-cr-90, 2009 WL 1867638, at *1 (S.D. Ohio June 24, 2009).

The Bail Reform Act provides that "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). Thus, the presumption is that a defendant should be released pending trial. *See United States v. Johnson*, No. 20-5572, 2020 WL 9813540, at *1 (6th Cir. Aug. 6, 2020) (citation omitted). When determining whether detention is warranted, the Court considers the following factors:

(1) The nature and circumstances of the offense, including whether [it involves a firearm];

(2) The weight of the evidence [of dangerousness];

(3) History and characteristics of the defendant, including—

>> (a) character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and
>
>> (b) whether, at the time of the current offense or arrest, the defendant was on release;
>
> (4) The nature and seriousness of the danger to any person or the community posed by release.

18 U.S.C. § 3142(g).

### III.   ANALYSIS

Upon review of Defendant's motion, the Government's response, the Pretrial Service Report, and having held a hearing on the matter, the Court finds that a combination of conditions will reasonably assure Defendant's appearance and the safety of the community.

First, the nature and circumstances of this offense is a neutral factor. Defendant is charged with obstructing, influencing, and impeding an official proceeding.  Defendant, while working for a cleaning company that cleans the Franklin County Sherriff's Office ("FCSO"), allegedly saw a federal arrest warrant for her cousin laying on top of a file on a Deputy's desk, took photos of the warrant, and sent them to the cousin's girlfriend.  It is alleged that Defendant's actions allowed the target of the warrant, Defendant's cousin, to evade arrest for approximately 48 days.  Defendant's alleged conduct undoubtably helped create some risk to the community and to the United States Marshall's tasked with executing the warrant.  Defendant did not directly cause a threat, however.

Rather, to make a connection between Defendant's alleged crime and any danger requires finding that *the target of the warrant* posed a danger. This link is too attenuated. Accordingly, the nature and circumstances of the offense factor is neutral.

The Court next considers the weight of the evidence of dangerousness. "This factor is the least important factor." *United States v. Sammons*, No. 2:19-CR-107, 2020 WL 613930, at *4 (S.D. Ohio Feb. 10, 2020) (citing cases).

Much like the nature and circumstances of the alleged crime, Defendant's criminal history could likewise go either way. Defendant has a history of committing dangerous offenses—assault, robbery, and armed robbery. *See United States v. Pippins*, No. 2:21-CR-66, 2022 WL 16630181, at *4 (S.D. Ohio Nov. 2, 2022) (concluding the "weight of the evidence of dangerousness" factor weighed against the defendant when there were "strong indicators within [the defendant's] criminal history that he poses a danger to the community"). That said, Defendant's last felony conviction was over ten years ago. *See* Pretrial Service Report 5–6, ECF No. 13. More recently, Defendant has had misdemeanor OVI convictions. While the Court is not unconcerned with Defendant's tendency to drive while under the influence, these crimes are not dangerous in the traditional sense. This factor is therefore neutral.

Defendant's history and characteristics slightly favor release. While Defendant does have a history of drug or alcohol abuse, prior probation violations, and mental health concerns, Pretrial Service Report 2, 4–6, ECF No.

13, Defendant has lived in Ohio all her life, primarily in the Columbus community, and has significant family ties here, *id.* at 1. In particular, Defendant has lived with her daughter in Columbus for the past two years, *id.*, and Defendant's daughter will graduate from high school in May. Defendant also has stable employment; although she no longer works as a custodian for the Franklin County Facilities Management, she owns her own cleaning business, Lajuana's Touch of Love. *Id.* Overall, this factor slightly weighs in favor of release.

Finally, the Court considers the nature and seriousness of the danger to any person, or the community posed by release. Again, the Court is cognizant of Defendant's criminal history and the nature and circumstances of the alleged offense. That said, the target of the arrest warrant was apprehended prior to investigators' discovery of the alleged offense in this case, Compl. 3, ECF No. 1, and Defendant's counsel represented at the hearing that Defendant no longer works for the cleaning company that cleans the FSCO facility. *See* Pretrial Service Report 1, ECF No. 13. So, whatever danger existed at the time of the alleged offense, it has since been neutralized.

For all these reasons, the Court concludes that the ordinary conditions of release described in 18 U.S.C. § 3142(b) of this section will not reasonably assure Defendant's appearance or will endanger the community. However, the Court further finds that some combination of conditions will reasonably assure her appearance and the safety of the community.

## IV.     CONCLUSION

Considering all these factors, the Court **GRANTS** Defendant's motion. Defendant will be released on her own recognizance with the following conditions to address her risk of flight and danger to the community:

1. Submit and report for supervision to the Pretrial Services Office.

2. Continue or actively seek employment.

3. Avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution.

4. Not use alcohol at all.

5. Not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

6. Submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance screening or testing.

7. Participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

8. Participate in mental health treatment as directed by the Pretrial Services Officer.

9. Comply with conditions of other court-imposed supervision and allow information regarding federal supervision adjustment to be shared with the supervising officer.

The Clerk shall terminate ECF No. 12.

**IT IS SO ORDERED.**

                                                      */s/ Michael H. Watson*
                                                     **MICHAEL H. WATSON, JUDGE**
                                                     **UNITED STATES DISTRICT COURT**